JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KATHY M. BRYSON

**(b)** County of Residence of First Listed Plaintiff: **TARRANT**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel F. Handler, One East Wacker Dr., Suite 510, Chicago, IL 60601; (312) 832-0008

## DEFENDANTS
DAIICHI SANKYO, INC.

County of Residence of First Listed Defendant: **DENTON**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Plaintiff has brought action for violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 7/2/2013

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| KATHY M. BRYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) No. |
| | ) |
| DAIICHI SANKYO, INC., | ) |
| | ) Judge |
| | ) Magistrate |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT VIOLATION OF BRYSON'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991**

The Plaintiff, KATHY M. BRYSON (hereinafter referred to as "BRYSON"), and for her amended complaint against the Defendant, DAIICHI SANKYO, INC. (hereinafter referred to as "DAIICHI"), states:

1. This action is brought for damages sustained by BRYSON by reason of DAIICHI's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. BRYSON is a citizen of the United States and is a resident of the Northern District of Texas.

3. DAIICHI is a corporation organized and existing under the laws of the State of New Jersey and does substantial business in the Northern District of Texas.

4. At all times relevant hereto, DAIICHI had an office at 9 Village Circle #500, Westlake, Texas 76262.

5. At all times relevant hereto, DAIICHI was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6. This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e-5)(f)(1) and pursuant to 28 U.S.C. § 1331 and 1343.

7. Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e-5)(f)(3).

8. On March 30, 2008, BRYSON began her employment as a District Manager for DAIICHI.

9. During BRYSON's employment, it was the policy of DAIICHI not to discriminate against an employee on the basis of her sex.

10. Notwithstanding DAIICHI's policy, commencing on or about April, 2011, DAIICHI engaged in a pattern and practice of sex discrimination against BRYSON and other female employees. This pattern and practice of sex discrimination was orchestrated and implemented primarily at the direction of Lerryn Tryzinski, Regional Manager.

11. For example, Tryzinski denied in June, 2011. BRYSON's request to move a sales rep that she hired and trained and forced BRYSON to hire from outside of DAIICHI a person who was not as qualified as that sales representative.

12. Moreover, Tryzinski reprimanded BRYSON for expensing alcohol for a regional meeting when Tryzinksi approved male district managers' requests to expense alcohol at regional meetings.

13. Similarly, Tryzinski refused BRYSON's request on or about December, 2011 to expense developmental books for her team even though she granted the requests of male district managers for the same books.

14. Even though BRYSON was the recipient of the Gold Cup on two occasions and received platinum awards from this company, Tryzinksi, nevertheless, required BRYSON to submit a developmental plan to improve her performance despite that she never asked a male district manager to submit such a plan.

15. Further, on February 6, 2012, Tryzisnki and William Pruitt, Defendant's Human Resources Manager, terminated BRYSON purportedly for sending out an email to her team that referenced what a doctor had said about how to get Benicar through to managed care.

16. DAIICHI's concocted reason for terminating BRYSON was merely a pretext for its unlawful sex discrimination directed to her.

17. DAIICHI has, therefore, discriminated against BRYSON because of her sex in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2)(a)(1), as amended by the Civil Rights Act of 1991.

18. On or about December 26, 2012, pursuant to 42 U.S.C. Section 2000 (e-5) and regulations issued thereunder, BRYSON filed a complaint of discrimination with the Equal Employment Opportunity Commission.

19. Pursuant to her request, on or about May 13, 2013, BRYSON received her notice of right to sue. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit A**.

20. Less than ninety (90) days have expired since BRYSON' receipt of this notice of right to sue.

21. DAIICHI's violation of BRYSON's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused BRYSON pecuniary damages.

WHEREFORE, the Plaintiff, KATHY M. BRYSON requests that this Court enter judgment in her favor and against the Defendant, DAIICHI SANKYO, INC. as follows:

i. Enjoining DAIICHI from engaging in such unlawful employment practices as alleged in this complaint;

ii. Requiring DAIICHI to rehire BRYSON to her position of District Manager at a rate of pay comparable to what she would have been receiving if not for the civil rights violations committed against her by DAIICHI;

iii. Making BRYSON whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DAIICHI;

iv. Alternatively, in the event, DAIICHI is unwilling to hire BRYSON, that BRYSON be awarded front pay;

v. Awarding BRYSON compensatory and punitive damages in amounts authorized under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991;

vi. Awarding BRYSON attorney's fees and costs pursuant to 42 U.S.C. Section 2000(e-5)(k) and pre-judgment interest; and

vii. Awarding BRYSON such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

_____
Joel F. Handler
One E. Wacker Drive, Suite 510
Chicago, IL 60601
(312) 832-0008
Attorney for the Plaintiff,
KATHY M. BRYSON


_____
Roger D. Sanders
Laura Gallardo
Sanders, O'Hanlon & Motley, PLLC
111 South Travis
Sherman, TX 75090
(903) 892-9133
*Local Counsel* for Plaintiff,
KATHY M. BRYSON

5